UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JULIE ELICE FONTAINE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 13-cv-1638 (KBJ) |
| BANK OF AMERICA, N.A., *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

**<u>MEMORANDUM OPINION</u>**

Plaintiff Julie Elice Fontaine ("Plaintiff" or "Fontaine"), who is proceeding pro se, filed a complaint against five defendants—Bank of America, N.A., The Bank of New York Mellon, MERSCORP Holdings, Inc., ReconTrust Company, N.A., and Blank Rome, LLP (together, "Defendants")—challenging the foreclosure of her property located at 909 Glendora Drive, Oceanside, CA 92057 (the "Property"). (*See* Compl., ECF No. 1; Ex. 1 to Compl., ECF No. 1-1, at 2.) Fontaine filed the instant action in federal court after the California Superior Court apparently considered and ratified state foreclosure proceedings with respect to the Property.[1] Fontaine's two-count complaint (which is 57 pages in length and largely unintelligible) appears to allege that Defendants' handling of the mortgage Note was unlawful and violated her rights, and also that Defendants' foreclosure of the Property was fraudulent, illegal, and violated a consent decree issued in *United States v. Bank of America*, No. 12-361 (D.D.C. Apr. 4,

---

[1] Fontaine's complaint does not contain specific allegations related to the state court's ratification of the foreclosure; it makes only the general assertion that the "the Superior Court in California" was involved in the foreclosure proceedings. (Compl. ¶ 23; *see also id.* ¶ 26 (referring to the action of "the local courts").)

1

2012).  Based on these allegations of fact, Fontaine requests a cease and desist order to enjoin the foreclosure sale (*id.* ¶ 89), and she also seeks monetary relief for intentional infliction of emotional distress (*id.* ¶ 84) and the alleged violation of her right to due process (*id.* ¶ 79).

Defendants have filed motions to dismiss the complaint in its entirety.  (*See* Non-Lawyer Defs.' Mot. to Dismiss Pl.'s Compl. ("Defs.' Mot."), ECF No. 6; Mot. to Dismiss Filed by Def. Blank Rome, LLP ("Blank Rome Mot."), ECF No. 8.) Defendants offer a number of reasons for dismissal, including (1) lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) (*see* Stmt. of P&A in Supp. of Mot. to Dismiss Pl.'s Compl. ("Defs.' Mem."), ECF No. 6-1, at 5-6; Mem. of P&A in Supp. of Mot. to Dismiss Filed by Def. Blank Rome, LLP ("Blank Rome Mem."), ECF No. 8-1, at 3-4); (2) lack of personal jurisdiction under Rule 12(b)(2) (*see* Defs.' Mem. at 5); (3) improper venue under Rule 12(b)(3) (*see* Blank Rome Mem. at 4); and (4) failure to state a claim upon which relief may be granted under Rules 8(a) and 12(b)(6) (*see* Defs.' Mem. at 6-9; Blank Rome Mem. at 4-6).  Because this Court concludes that it lacks subject matter jurisdiction to entertain a challenge to state court determinations with respect to foreclosure proceedings, the instant complaint must be dismissed, and this Court need not evaluate Defendants' myriad other reasons for seeking dismissal of the complaint.  *See Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 64 (D.D.C. 2011) (a district court "must first examine [a] Rule 12(b)(1) challenge[ ]" because "if it must dismiss the complaint for lack of subject[-]matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined" (internal quotation marks and citations omitted)); *see also Gen. Motors Corp. v. EPA*, 363 F.3d

442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of [ ] jurisdiction." (citation omitted)).

I. **LEGAL STANDARD**

When determining whether a case should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1), the court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff, *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), but it need not "accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations[,]" *Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citation omitted); *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006) (same). It is well established that the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Halcomb v. Office of the Senate Sergeant-at-Arms of the U.S. Senate*, 209 F. Supp. 2d 175, 176 (D.D.C. 2002). Consequently, when it comes to Rule 12(b)(1), it is "'presumed that a cause lies outside [the federal courts'] limited jurisdiction,' unless the plaintiff establishes by a preponderance of the evidence that the Court possesses jurisdiction[.]" *Muhammed v. FDIC*, 751 F. Supp. 2d 114, 118 (D.D.C. 2010) (first alteration in original) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

Although pro se complaints must be liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *United States v. Byfield*, 391 F.3d 277, 281 (D.C. Cir. 2004), this "benefit is not, however, a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009) (citation

3

omitted). Rather, even a pro se plaintiff must meet his burden of proving that the Court has subject matter jurisdiction over the claims. *See, e.g.*, *Glaviano v. JP Morgan Chase Bank, N.A.*, No. 13-2049, 2013 WL 6823122, at *2 (D.D.C. Dec. 27, 2013) (dismissing pro se complaint for lack of subject matter jurisdiction); *Green v. Stuyvesant*, 505 F. Supp. 2d 176, 177 (D.D.C. 2007) (dismissing pro se complaint for lack of subject matter jurisdiction).

## II. ANALYSIS

This Court lacks subject matter jurisdiction over Fontaine's claims because, as bottom, the instant complaint seeks to challenge decisions that, according to Plaintiff, the California state courts have already rendered. (*See, e.g.*, Compl. ¶¶ 1B, 11, 12, 23, 84 (referencing the California Superior Court's decisions allowing Defendants to foreclose on Fontaine's property)). Under the *Rooker-Feldman* abstention doctrine, federal district courts cannot exercise jurisdiction over actions that request what is essentially "appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (citations omitted); *see also Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) ("The *Rooker-Feldman* doctrine prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court." (citations omitted)). Accordingly, as a result of this doctrine, district courts lack "authority to review final judgments of a state court in judicial proceedings, or to decide federal constitutional claims that are so inextricably intertwined with the state court decision that the district court is in essence being called upon to review the state-court decision." *Glaviano*,

4

2013 WL 6823122, at *2 (internal quotation marks omitted) (quoting *Feldman*, 460 U.S. at 482).

The facts of the instant case are reminiscent of *Glaviano v. JP Morgan Chase Bank, N.A.*, No. 13-2049, 2013 WL 6823122 (D.D.C. Dec. 27, 2013)—a recent case in this district that was dismissed for lack of jurisdiction after application of abstention principles—and compel the same result. The *Glaviano* plaintiffs, who had taken out a mortgage loan to finance certain property, filed a complaint that challenged the defendants' foreclosure of the property on the grounds that the defendants did not have possession of the mortgage Note and thus did not have standing to foreclose. The plaintiffs argued that the foreclosure violated both their Constitutional rights and the Consent Orders issued in *United States v. Bank of America*, No. 12-361 (D.D.C. Apr. 4, 2012), and requested a cease and desist order to enjoin the foreclosure proceedings. *Glaviano*, 2013 WL 6823122, at *1 & n.1. The *Glaviano* court dismissed the complaint on the grounds that it lacked jurisdiction over plaintiffs' claims because the plaintiffs were essentially "ask[ing] the federal district court to review state court rulings" and to prevent a foreclosure that the state court had already ratified. *Id.* at *2 (citing *Tremel v. Bierman & Geesing, LLC*, 251 F. Supp. 2d 40, 45-46 (D.D.C. 2003)). Similarly, other cases in this district have involved mortgagor-plaintiffs seeking to prevent foreclosures state courts have ordered, and their complaints have been dismissed under *Rooker-Feldman*. *See, e.g.*, *Tremel*, 251 F. Supp. 2d at 45-46; *Liebman v. Deutsche Bank Nat'l Trust Co.*, No. 13-1392, 2014 WL 526712, at *4 (D.D.C. Feb. 11, 2014); *Davenport v. Dore*, No. 13-1007, 2013 WL 3438482, at *1-2 (D.D.C. July 9, 2013); *Hunter v. U.S. Bank Nat'l Ass'n*, 698 F. Supp. 2d 94, 100 (D.D.C. 2010). This Court finds no reason

to depart from the reasoned judgment and collective wisdom of the many prior judges in this district who have considered this issue. Consequently, to the extent that the California courts have already ratified the foreclosure proceedings that Fontaine now seeks to challenge, this Court concludes that the *Rooker-Feldman* doctrine renders it without subject matter jurisdiction to review the instant complaint.

Accordingly, Defendants' motions to dismiss are **GRANTED**, and the instant complaint will be dismissed in its entirety for lack of jurisdiction.[2] A separate order consistent with this opinion will follow.

DATE: May 16, 2014

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge

---

[2] Because the Court finds it does not have jurisdiction over Fontaine's claims, it declines to reach Defendants' remaining arguments for dismissal, as previously noted.

6